Allen Eraut, OSB # 992565
Kevin Bergstrom, OSB #163422
Rizzo Mattingly Bosworth PC
1300 SW Sixth Avenue, Suite 330
Portland, OR 97201
Telephone: (503) 229-1819
Facsimile: (503) 229-0630
E-mail: aeraut@rizzopc.com
          kbergstrom@rizzopc.com

Attorneys for Defendant Cleaver-Brooks, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| PAMELA GALE SHELDON, Individually and as Personal Representative of the Estate of BILL JACK SHELDON<br><br>Plaintiffs,<br><br>v.<br><br>CLEAVER-BROOKS, INC., et al.<br><br>Defendants. | Case No. 1:19-CV-1443<br><br>**DEFENDANT CLEAVER-BROOKS, INC.'S NOTICE OF REMOVAL** |

PLEASE TAKE NOTE THAT, pursuant to Title 28 U.S.C. §§1332, 1441 and 1446, Defendant, Cleaver-Brooks, Inc. ("Cleaver-Brooks") gives notice that the civil action filed against it in the Circuit Court of Oregon, Multnomah County, Case No.: 19cv33669 is hereby removed to the United States District Court for the District of Oregon.[1]  The grounds for removal are as follows:

---

[1] In filing this removal petition, Cleaver-Brooks does not waive any objections or defenses, including those based upon lack of personal jurisdiction.

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

1.      On July 30, 2019, Plaintiff Pamela Gale Sheldon, Individually and as Personal Representative of the Estate of Bill Jack Sheldon ("Plaintiff") filed her Complaint against Cleaver-Brooks in the Circuit Court of Multnomah County, State of Oregon, Case No.: 19CV33669. On August 27, 2019, Plaintiff filed a First Amended Complaint containing the same allegations but attaching a previously omitted Exhibit A detailing alleged exposures to asbestos. *See* Exhibit 1.

2.      This is a civil action in which Plaintiff alleges that Decedent Bill Jack Sheldon ("Mr. Sheldon") was exposed to asbestos while employed at the KOGAP Plywood/Veneer Mill in Medford, Oregon from 1972 to 1994. *Id.* The only Defendants in this action are Cleaver-Brooks and KOGAP Enterprises Inc. *Id.*

3.      Pursuant to 28 U.S.C. §1446(a), copies of all pleadings served on Cleaver-Brooks are attached hereto as Exhibit 1.

4.      Pursuant to 28 U.S.C. § 1446(d) a copy of this Notice of Removal is being served upon Plaintiff and a copy will be filed with the Multnomah County Circuit Court.

5.      Pursuant to 28 U.S.C. § 1391 and LR 3-2, venue is proper in the Medford Division of the District of Oregon because a substantial part of the events giving rise to the claim are alleged to have occurred in Medford, Oregon.

6.      **Diversity Jurisdiction:** This court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a) as this action involves a controversy between citizens of different states and the total monetary value of the amount at stake in this lawsuit meets the monetary threshold for diversity jurisdiction.

7.      The amount in controversy is in the sum of $10,000,000.00. *Id.*; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (plaintiff's admission that amount in controversy exceeded jurisdictional requirement sufficient to establish amount in controversy above that amount);

8.      This Notice of Removal is timely under 28 U.S.C. §1446(b)(3), which provides that a notice of removal must be filed within 30 days after service of the initial pleading. Cleaver-

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

Brooks was served with the Summons and Complaint on August 9, 2019. *See* Exhibit 1.

9.      According to the Complaint, Plaintiff is a citizen of the U.S. Virgin Islands. *Id.*

10.     Cleaver-Brooks is a Delaware corporation with its principal place of business in Georgia.

11.     According to the Complaint, Defendant KOGAP Enterprises Inc. ("KOGAP") is an Oregon corporation with its principal place of business in Oregon.

12.     KOGAP's residency does not defeat diversity jurisdiction under the "forum defendant rule" contained in 28 U.S.C. § 1441(b)(2) because KOGAP Enterprises Inc. is a fraudulently joined defendant against which Plaintiff cannot state a cause of action against according to settled law in Oregon. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001); *Ekeya v. Shriners Hosp. for Children*, 258 F. Supp. 3d 1192 (D. Or. 2017).

13.     **Fraudulent Joinder:** As the Oregon District Court has noted, "the phrase 'fraudulent joinder' is a 'bit misleading because the doctrine requires neither a showing of fraud nor joinder in one sense. Fraudulent joinder does not impugn the integrity of Plaintiffs or their counsel and does not refer to an intent to deceive.'" *Ekeya*, 258 F. Supp. 3d at 1195 n.1. Rather, under the concept of fraudulent joinder, a "defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris*, 236 F.3d at 1067.

14.     The "text of the forum defendant rule supports the conclusion that the fraudulent joinder doctrine should apply" equally to a forum defendant as to a non-diverse defendant, and "applying the fraudulent joinder doctrine to the forum defendant rule is entirely consistent with the congressional purpose underlying the procedure that allows removal of cases asserting only state claims." *Ekeya*, 258 F. Supp. 3d at 1200-01. Thus, "a plaintiff should be precluded from defeating this congressional purpose by including a local defendant, against whom the plaintiff has no possibility of stating a claim, along with other defendants against whom the plaintiff can state

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

a claim," and in such a situation "the local defendant should be found to have been fraudulently (or improperly) joined an may be disregarded for purposes of considering whether the forum defendant rule requires remand." *Id.* at 1201.

15.    Complete diversity exists between the parties here, but KOGAP is an Oregon resident whose citizenship would normally prevent removal under the forum defendant rule. 28 U.S.C. § 1441(b)(2). However, under Oregon's worker's compensation scheme, and the 10-year statute of repose for negligence claims, Plaintiff's claims against KOGAP are statutorily barred. Plaintiff has no viable claim against KOGAP, and cannot state a cause of action against KOGAP for Mr. Sheldon's alleged asbestos-related injury.

16.    Although a court will often only consider the pleadings in determining removability, "a court may conduct a 'summary inquiry' that goes beyond the pleadings" to conduct a fraudulent joinder analysis, and Cleaver-Brooks is "entitled to present the facts showing the joinder to be fraudulent." *Ekeya*, 258 F. Supp. 3d at 1196 (citing *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

17.    Plaintiff alleges that Mr. Sheldon was exposed to asbestos from 1972 to 1994 while employed as a core feeder on the layup line at the KOGAP Plywood/Veneer Mill in Medford, Oregon, owned by Defendant KOGAP Enterprises Inc.[2] Plaintiff's claims against KOGAP are barred under Oregon law for two reasons:

18.    First, Plaintiff's claim against KOGAP is barred by Oregon's worker's compensation statute, which provides that the liability of Plaintiff's employer is "exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment" whether actually compensable or not. ORS § 656.018(1)(a); 656.018(7). Moreover, the right of Plaintiff to recover under the worker's

---

[2] Plaintiff's Exhibit A to the amended complaint lists Plaintiff's employer as "KOPAK Enterprises Inc." rather than "KOGAP Enterprises Inc." This is presumably a typographical error as this allegation is inconsistent with the allegations in the Complaint, and no entity called "KOPAK Enterprises Inc." is registered with the Oregon Secretary of State. See Exhibit 2.

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

compensation scheme for any injuries or diseases "arising out of and in the course of employment are in lieu of any remedies" she would otherwise have under statute or common law except as expressly allowed under the worker's compensation statute. *Id.* at 656.018(2). As the Oregon Supreme Court explained in *Fred Meyer, Inc.*, "a worker's injury is deemed to 'arise out of' employment if the risk of the injury results from the nature of his or her work or when it originates from some risk to which the work environment exposes the worker. *Fred Meyer, Inc. v. Hayes (In re Hayes)*, 325 Or. 592, 601, 943 P.2d 197, 203 (1997). Thus, Plaintiff's claims against KOGAP, *i.e.* the contraction of mesothelioma as the result of working with and around asbestos-containing materials while employed at the KOGAP mill, are squarely precluded by ORS ch. 656.

19.    Second, even assuming, *arguendo*, that Plaintiff's claims against KOGAP were not precluded by the exclusive worker's compensation remedy under ORS ch. 656, Plaintiff's claims against KOGAP are barred by ORS § 12.115. Against KOGAP, Plaintiff alleges that KOGAP "owned and/or controlled premises at which Decedent Bill Jack Sheldon was exposed to asbestos-containing products[.]" *See* Exhibit 1. Oregon has a special two-year statute of limitations for "product liability civil actions" in asbestos cases triggered by discovery of the asbestos-related disease. ORS 30.907. However, ORS 30.907 only applies to a "manufacturer, distributor, seller, or lessor" of an asbestos product, which KOGAP is not. As such, Plaintiff cannot maintain a strict products liability claim against KOGAP (ORS 30.920), or benefit from the special asbestos statute of limitations for her negligence claim (ORS 30.900). *Mason v. Mt. St. Joseph, Inc.*, 226 Or. App. 392, 405, 203 P.3d 329, 336 (2009). Without sufficient facts alleging a product liability civil action, the 10-year statute of repose for negligence claims applies, and Plaintiff's claim against KOGAP is barred. *Id.* at 333; ORS § 12.115. Plaintiff cannot maintain a products liability civil action against KOGAP as a premises defendant, and the Oregon Court of Appeals has affirmed that "solitary and noncommercial reuse of asbestos-containing products" by a premises owner does not convert a negligence claim into a product liability civil action under ORS 30.900 so as to avoid

5 – DEFENDANT CLEAVER-BROOKS, INC.'S NOTICE OF REMOVAL

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

the 10-year state of repose contained in ORS 12.115. *Mason*, 226 Or. App. at 400. Thus, even if Plaintiff were permitted to bring a claim against KOGAP, the claim would be untimely under the applicable statute of repose.

20.    **Unanimous consent**: KOGAP's consent to removal is not required here, because KOGAP is a fraudulently joined party. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Nevertheless, KOGAP has consented to removal.

21.    Written notice of the filing of this Notice of Removal will be given to Plaintiff and Defendant KOGAP, together with a copy of the Notice of Filing Notice of Removal and supporting papers with the Circuit Court of the State of Oregon for the County of Multnomah, as required by 28 U.S.C. §1446(d).

WHEREFORE, the above-captioned action is removed from Multnomah County Circuit Court to this Court pursuant to 28 U.S.C. § 1446.

Dated this 9th day of September, 2019.

RIZZO MATTINGLY BOSWORTH PC

By:    s/*Allen Eraut*
        Allen Eraut, OSB # 992565
        aeraut@rizzopc.com
        Kevin Bergstrom, OSB #163422
        kbergstrom@rizzopc.com
        Rizzo Mattingly Bosworth, P.C.
        1300 SW Sixth Avenue, Suite 330
        Portland, OR 97201
        Phone: (503) 229-1819
        Fax: (503) 229-0630
        Attorneys for Cleaver-Brooks, Inc.