**Rebecca A. Watkins, OSB No. 044445**
Email: rwatkins@sbhlegal.com
Sather, Byerly & Holloway, LLP
111 SW Fifth Ave, Suite 1200
Portland, Oregon 97204
Telephone: 503-595-2134

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| PAMELA GALE SHELDON, Individually and as Personal Representative of the Estate of BILL JACK SHELDON, <br><br> Plaintiffs, <br><br> v. <br><br> CLEAVER-BROOKS, INC., f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION and KOGAP ENTERPRISES INC. f/k/a KOGAP MANUFACTURING CO., <br><br> Defendants. | Case No. 1:19-cv-01443-MC <br><br> **KOGAP ENTERPRISES, INC.'S MOTION TO DISMISS** <br> **Pursuant to Fed. R. Civ. P. 12(b)(6)** <br><br> **Request for Oral Argument** |

## CERTIFICATION

Pursuant to Local Rule 7-1, defendant Kogap Enterprises Inc. (f/k/a Kogap Manufacturing Company) hereby certifies that it made a good faith effort to resolve this dispute via discussions with plaintiff's attorneys, Jeff Mutnick and Ben Adams, before filing this motion. The parties were unable to resolve the dispute.

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Kogap hereby moves the court to dismiss the claims against it for failure to state a claim for relief in as much as they are barred by O.R.S. § 656.018 and O.R.S. § 12.115, and fail to outline necessary components for a strict liability claim.

MOTION TO DISMISS - 1

Pursuant to Fed. R. Civ. P. 12(b)(3) and O.R.S. § 14.120, Kogap raises improper venue to preserve the issue should this case be remanded to state court.

These motions are supported by the following memorandum of law, and Declarations of Rebecca Watkins and Marvin Hackwell.

## MEMORANDUM IN SUPPORT OF MOTION

Kogap Enterprises, Inc. (f/k/a Kogap Manufacturing Company) employed Bill Sheldon at its plywood/veneer mill in Medford, Oregon for many years. Plaintiff now asserts that Sheldon died of mesothelioma caused by exposure to asbestos-containing products during his employment. She identifies Cleaver-Brooks, Inc. as the manufacturer of a boiler at the mill containing asbestos. She identifies Kogap as the owner and controller of the premises.

As against Kogap, plaintiff's claims are not sustainable on the face of the pleadings. First, under Oregon law, plaintiff's exclusive remedy against Sheldon's employer for work exposure lies in the workers' compensation system. O.R.S. § 656.018. Second, even if that were not the case, Oregon's statute of ultimate repose bars a claim brought more than ten years after the injury, and Sheldon brings a claim twenty-five years after the alleged injury. O.R.S. § 12.115. Third, plaintiff does not outline facts setting out a plausible claim for relief against Kogap. Kogap also preserves its argument that plaintiff brought the claim in an improper venue by filing it in Multnomah County. For each of these reasons, Kogap asks the court to dismiss the claims against it.

**A.   Standard of Review**

A complaint must give fair notice of the claims against a party by setting out a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 335 U.S. 41, 47, 78 S.Ct. 99 (1957). This requires

more than outlining legal conclusions or reciting the elements of a cause of action. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). Mere allegations without "further factual enhancement" or non-conclusory facts do not meet pleading requirements. *Twombly*, 550 U.S. at 557. Facts simply consistent with liability "stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

A complaint failing to meet this standard can be attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss. While the court assumes all facts alleged as true when evaluating a motion to dismiss, it does not need to accept legal conclusions set forth as true. *Ashcroft*, 556 U.S. at 678. A motion to dismiss should be granted when the basis for relief is nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. A complaint must state a "plausible claim for relief" that allows the court to infer something more than the "mere possibility of misconduct" to survive a motion to dismiss. *Ashcroft*, 556 U.S. at 679.

**B.      Factual Background**

Plaintiff alleges the decedent, Sheldon, died of mesothelioma caused by exposure to asbestos-containing products and equipment in the course of his employment at Kogap's plywood/veneer mill in Medford, Oregon. COMPLAINT, ¶¶ 5, 6. Plaintiff alleges that from approximately 1972 to 1994, Sheldon worked as a core feeder at the Kogap plant. COMPLAINT ¶ 6. She alleges Kogap owned, controlled and/or operated that mill. COMPLAINT ¶ 1(b). Plaintiff alleges Bill Sheldon was exposed in the course of his work at the Kogap plant to asbestos-containing products and equipment including hot presses, cold presses, rollers, conveyors and heating equipment. COMPLAINT ¶ 6. Plaintiff does not allege Kogap manufactured any asbestos-containing product. In contrast, plaintiff alleges

Cleaver-Brooks, Inc. manufactured an asbestos-containing product, and labels it the "Product Defendant". COMPLAINT ¶ 1(a). She alleges Bill Sheldon contracted mesothelioma from this work exposure. COMPLAINT ¶ 16. She seeks to hold Kogap liable under theories of strict liability and negligence.

**C.     Plaintiff Failed to State a Claim for Relief Against Kogap Enterprises, Inc.**

    **1.     Claims Fail Under O.R.S. § 656.018.**

Plaintiff seeks redress for a disease allegedly caused by exposure in the course of his employment with Kogap. These claims must be dismissed because plaintiff's exclusive remedy is through the workers' compensation system.

> The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such conditions, except as specifically provided otherwise in this chapter. O.R.S. §656.018

Oregon's workers' compensation statutes provide the exclusive remedy for work-related injuries; the liability of an Oregon employer is limited to those workers' compensation benefits. O.R.S. § 656.018(1); *Bakker v. Baza'r, Inc.*, 551 P.2d 1269, 1274 (Or. 1976). The text of the statute expressly states workers' compensation benefits are in lieu of any other remedies liability under O.R.S. § 654.305, for violations of safety rules, for claims of negligence, for gross negligence and for recklessness. *Kilminster v. Day Management Corp*, 919 P.2d 474, 481 (Or. 1996); *Leech v. Georgia-Pacific Corp.*, 485 P.2d 1195 (Or. 1971); *Heikkila v. Ewen Transfer Co.*, 297 P. 373, 374 (Or. 1931); *Rangel v. Denton Plastics, Inc.*, 939 P.2d 644, 647 (Or. App. 1997). This is true regardless of whether a

MOTION TO DISMISS - 4

worker's disease has been determined compensable or not. O.R.S. § 656.018(7).

Plaintiff's allegations put this case squarely within the exclusive remedy of O.R.S. § 656.018; she seeks a remedy against Sheldon's employer for a work-related exposure. Because a wrongful death claim arises out of rights the decedent would have had, had he lived, it is subject to the same limitations as his personal claims. O.R.S. § 30.020. In other words, O.R.S. §656.018 also bars plaintiff's wrongful death claim against Kogap. *See e.g. Kilminster*, 919 P.2d 474, 478-79 (holding a wrong death action is derivative and only sustainable if the decedent had such a right to an action). Plaintiff does not plead any exception to this immunity. The allegation that Kogap owned the property does not change the outcome. Ownership of the premises by an immune party does not negate the immunity. *Nancy Doty, Inc. v. Wildcat Haven, Inc.*, 439 P.3d 1018, 1027-30 (Or. App. 2019); *Varland v. Smith*, 828 P.2d 1053, 1054 (Or. App. 1992). A motion to dismiss should be granted because plaintiff failed to state a claim that entitles her to relief against Kogap.

2.   **Claims Fail Under O.R.S. § 12.115**

As an independent and alternative basis for dismissal of the claims against Kogap, Oregon's statute of ultimate repose sets a 10-year limit on tortious actions for negligent injury to person:

> In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of.
> O.R.S. § 12.115(1).

Unlike Oregon's statutes of limitations, the statute of ultimate repose is not conditioned on discovery of the damage resulting from the injury. *Johnson v. Star Machinery Co.*,

MOTION TO DISMISS - 5

530 P.2d 53(Or. 1974); *Josephs v. Burns*, 491 P.2d 203, 205-06 (Or. 1971)[1]; *Lunsford v. NCH Corporation*, 396 P.3d 288, (Or. App. 2017). Instead, it sets a finite time limit based on when the injury occurred. The Oregon courts have repeatedly upheld statutes of ultimate repose in response to constitutional challenges, including in cases where the "damage" done from an injury did not manifest until years later. *Johnson*, 530 P.2d 53, *Josephs*, 491 P.2d at 205-06; *Lunsford*, 396 P.3d 288; *Withers v. Milbank*, 678 P.2d 770 (Or. App. 1984). Despite the fact that the result of the injury might not arise until years later, the legislature chose to impose an outer limit for bringing injury claims. *See Miller v. Ford Motor Company*, 419 P.3d 392, 395 (Or. 2018) (discussing the history behind enactment of O.R.S. § 12.115). Oregon's wrongful death statute expressly incorporates the limits outlined in O.R.S. § 12.115. *See* O.R.S. § 30.020(1)(b).

Plaintiff brings claims against Kogap as an owner or controller of the premises where Sheldon worked. Based on plaintiff's allegations, the last injury exposure to Bill Sheldon occurred in 1994, twenty-five years ago. This far exceeds the time limit set out by the Oregon legislature. As a matter of law, the claims against Kogap are barred by O.R.S. § 12.115.

### 3.   Failure to Outline Claim

Additionally and alternatively, plaintiff has failed to plead facts stating a claim, most notably, having failed to plead date of discovery and having failed to plead facts that state a claim for strict liability against Kogap. Kogap does not think the court need reach this question because of the legal bars to the lawsuit outlined above.

Plaintiff sets forth claims for both "strict liability" and "negligence" against

---

[1] While *Josephs* was abrogated in part by *Smothers v. Gresham Transfer, Inc.*, 23 P.3d 333 (Or. 2001), *Smothers* has now been overruled by *Horton v. OHSU*, 376 P.3d 998 (Or. 2016).

MOTION TO DISMISS - 6

Kogap, but the allegations do not support a claim for relief. Most notably, plaintiff fails to set out allegations that create the basis for finding Kogap can be strictly liable to plaintiff. While Cleaver-Brooks is alleged to have manufactured a particular boiler allegedly containing asbestos, plaintiff does not allege Kogap manufactured any asbestos-containing products. Cleaver-Brooks is identified as the "product defendant", Kogap is not. Instead, the allegations against Kogap are apparently brought on the basis of premises liability, in its capacity as an owner or controller of premises. Plaintiff outlines conclusory allegations about asbestos-containing products without specifying Kogap's involvement or duties as an owner of the premises. Additionally, plaintiff failed to plead when she discovered the exposure and cause, as necessary to establish a timely claim. If the court reaches this issue, the complaint should be dismissed for failing to set out a plausible claim for liability as against Kogap.

**D.     Plaintiff Commenced the Claim in the Wrong Venue**

Kogap contends under O.R.S. § 14.110(1)(a), (c) that plaintiff did not commence the lawsuit in the proper county, and if remanded to state court, it should be transferred to Jackson County. For purposes of venue, a corporation resides where it conducts regular, sustained business activity, where it has an office, or where its registered agent resides. O.R.S. § 14.080; *Kohring v. Ballard*, 325 P.3d 717, 726-27 (Or. 2014). Plaintiff alleges Cleaver-Brooks is not registered to conduct business in Oregon. COMPLAINT § 1(a). Kogap has its principle place of business in Medford, Oregon in Jackson County and its registered agent also resides in Medford in Jackson County. It does not conduct regular, sustained business in Multnomah County. (Declaration of Hackwell). When Sheldon worked for Kogap, he worked at its plant located in Medford in Jackson County, so presumably evidence and witnesses would be in Jackson County rather than Multnomah

MOTION TO DISMISS - 7

County. COMPLAINT § 1(b). Plaintiff failed to commence the lawsuit in the proper county.

Defendant acknowledges this court has no reason to rule on the proper venue in the state courts, but raises this issue to preserve it under O.R.S. § 14.120 should this case, and hence this motion, be remanded to state court for further proceedings.

## CONCLUSION

Plaintiff brings claims against Kogap, Sheldon's employer, for exposures in the course of employment last occurring in 1994. As the employer providing workers' compensation coverage, plaintiff cannot state a claim against it. O.R.S. § 656.018. Independently, the claims against Kogap are barred by the statute of ultimate repose for personal injury actions. O.R.S § 12.115. Plaintiff has not stated any allegations that would avoid the application of O.R.S. § 656.018 and O.R.S. § 12.115. For these reasons, Kogap asks that the claims against it be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: September 16, 2019

SATHER, BYERLY & HOLLOWAY, LLP

_____
Rebecca A. Watkins, OSB No. 044445
Attorney for KOGAP Enterprises, Inc.

**Rebecca A. Watkins, OSB No. 044445**
Email: rwatkins@sbhlegal.com
Sather, Byerly & Holloway, LLP
111 SW Fifth Ave, Suite 1200
Portland, Oregon 97204
Telephone: 503-595-2134

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PAMELA GALE SHELDON, Individually and as Personal Representative of the Estate of BILL JACK SHELDON,<br><br>Plaintiffs,<br><br>v.<br><br>CLEAVER-BROOKS, INC., f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION and KOGAP ENTERPRISES INC. f/k/a KOGAP MANUFACTURING CO.,<br><br>Defendants. | Case No. 1:19-cv-01443-mc<br><br><br><br><br><br>**DECLARATION OF REBECCA A. WATKINS** |

I, Rebecca A. Watkins, do hereby declare:

1. I am the attorney of record for defendant Kogap Enterprises, Inc., formally known as Kogap Manufacturing Company, in the captioned matter.

2. On September 13, 2019, I discussed the basis for our motion to dismiss with plaintiff's local attorney, Mr. Mutnick. On September 16, 2019, I further discussed the motion to dismiss with plaintiff's Texas attorney, Ben Adams.

I hereby declare under penalty of perjury that the foregoing is true and accurate.

DATED: September 16, 2019

_/s/ Rebecca A. Watkins_
Rebecca A. Watkins
Attorneys for KOGAP Enterprises, Inc.

**DECLARATION OF REBECCA A. WATKINS -** 1

Rebecca A. Watkins, OSB No. 044445
Email: rwatkins@sbhlegal.com
Sather, Byerly & Holloway, LLP
111 SW Fifth Ave, Suite 1200
Portland, Oregon 97204
Telephone: 503-595-2134

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PAMELA GALE SHELDON, Individually and as Personal Representative of the Estate of BILL JACK SHELDON,<br><br>Plaintiffs,<br><br>v.<br><br>CLEAVER-BROOKS, INC., f/k/a AQUA-CHEM, INC. d/b/a CLEAVER-BROOKS DIVISION and KOGAP ENTERPRISES INC. f/k/a KOGAP MANUFACTURING CO.,<br><br>Defendants. | Case No. 1:19-cv-01443-mc<br><br><br><br><br>**DECLARATION OF MARVIN HACKWELL** |

I, Marvin Hackwell, do hereby declare:

1. I am the Chief Executive Officer for Kogap Enterprises, Inc.

2. Kogap Enterprises, Inc. (formerly Kogap Manufacturing Company) is incorporated in Oregon and has its principle place of business in Medford, Oregon. It does not have an office in Multnomah County or conduct regular or sustained business in Multnomah County.

I hereby declare under penalty of perjury that the foregoing is true and correct.

\_9-16-19\_
Date

_____
Marvin Hackwell

DECLARATION OF MARVIN HACKWELL - 1

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 16, 2019, I efiled **KOGAP ENTERPRISES LLC'S MOTION TO DISMISS, DECLARATION OF REBECCA A. WATKINS, and DECLARATION OF MARVIN HACKWELL** through the District of Oregon Document Filing System and Served on the following:

Clerk of the Court
United States District Court of Oregon
Portland Division
1000 S.W. Third Ave.
Portland, OR 97204

I further certify that on September 16, 2019, I served a copy of **KOGAP ENTERPRISES LLC'S MOTION TO DISMISS, DECLARATION OF REBECCA A. WATKINS, and DECLARATION OF MARVIN HACKWELL** via first class mail on the following:

Jeffrey S. Mutnick
Law Offices of Jeffrey S. Mutnick
737 SW Vista Ave.
Portland, OR 97205

Attorneys for Plaintiff

Jessica M. Dean
Benjamin H. Adams
Dean Omar Branham Shirley, LLP
302 N. Market Street, Suite 300
Dallas, TX 75202

Attorneys for Plaintiff

Allen Eraut
Kevin Bergstrom
Rizzo Mattingly Bosworth PC
1300 SW Sixth Ave., Suite 330
Portland, OR 97201

Attorneys for Cleaver-Brooks, Inc.

Rebecca A. Watkins, OSB No. 044445
Of Attorneys for KOGAP Enterprises, Inc.