IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**PAMELA GALE SHELDON,**
Individually and as Personal
Representative of the Estate of
Bill Jack Sheldon**,**

      Plaintiffs,

v.

**CLEAVER-BROOKS, INC., USNR, LLC,
CH MURPHY/CLARK-ULLMAN, INC.,**

      Defendants.

No. 1:19-cv-01443-MC

**ORDER**

McSHANE, District Judge.

This matter comes before the Court on a Motion to Remand to State Court filed by Plaintiff Pamela Gale Sheldon. ECF No. 59. Defendant Cleaver-Brooks, Inc. has filed a Motion for Leave to File a Sur-Reply to Plaintiff's Motion. ECF No. 69. The Motion for Leave to File Sur-Reply is GRANTED and the Court will consider the attached sur-reply brief. Because complete diversity exists in this case, the Motion to Remand is DENIED.

**LEGAL STANDARD**

A defendant who is not a resident of the forum state may remove from state court to federal court any civil action that could have been originally filed in federal court. 28 U.S.C. § 1441(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89-90 (2005); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). Original jurisdiction exists when either complete diversity exists, or when plaintiff's cause of action arises out of federal law or otherwise permitted by federal law. 28 U.S.C. §§ 1331, 1332.

Complete diversity means each plaintiff is a citizen of a state different from each defendant and the amount in controversy exceeds the statutory minimum, currently $75,000. 28 U.S.C. § 1332. The removal statute is strictly construed against removal jurisdiction, and the defendant bears the burden of establishing that removal is proper. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

## BACKGROUND

The Third Amended Complaint ("TAC") alleges that Bill Jack Sheldon was exposed to airborne asbestos fibers, both by directly working with asbestos and asbestos-containing materials and by working in the vicinity of other workers handling asbestos products between 1972 and 1994 when he worked in a plywood/veneer mill in Medford, Oregon. TAC ¶ 6. ECF No. 55. Mr. Sheldon died from mesothelioma on July 24, 2018. *Id.* at ¶ 5. Mesothelioma is a cancer of the lungs caused by exposure to asbestos. *Id.* at ¶ 2.

The record indicates that, at the time of his death, Mr. Sheldon was a resident of the U.S. Virgin Islands. Eraut Decl. Exs. 1, 2, 4, 5, 8. ECF No. 64. Mr. Sheldon is survived by his wife, Plaintiff Pamela Gale Sheldon, who is the personal representative of Mr. Sheldon's Estate. TAC ¶ 2. Mrs. Sheldon is a resident of the U.S. Virgin Islands. *Id.* Mr. Sheldon is also survived by his son, Ryan Sheldon, who is a resident of Oregon. Adams Decl. ¶ 2. ECF No. 66-1.

This case was originally filed on July 30, 2019 in Multnomah County Circuit Court, Case No. 19CV33669. ECF No. 1. On August 27, 2019, Plaintiff filed her First Amended Complaint, also in Multnomah County Circuit Court. At the time, the only Defendants were Cleaver-Brooks, Inc. ("Cleaver-Brooks") and KOGAP Enterprises, Inc. ("KOGAP"). ECF No. 1-1.

On September 9, 2019, the case was removed to federal court by Cleaver-Brooks. ECF No. 1. On October 4, 2019, the parties stipulated to dismiss KOGAP without prejudice. ECF No.

9. On March 5, 2020, Plaintiff filed her Second Amended Complaint, naming Cleaver-Brooks, USNR, LLC ("USNR"), and Wellons, Inc. ("Wellons") as Defendants. ECF No. 24. On August 12, 2020, the claims against Wellons were dismissed without prejudice. ECF No. 48.

On October 29, 2020, Plaintiff filed the operative Third Amended Complaint, which names Cleaver-Brooks, USNR, Wellons, and CH Murphy/Clark-Ullman, Inc. ("Murphy") as Defendants. Murphy is an Oregon corporation with its principal place of business in Oregon. TAC ¶ 1(a). Cleaver-Brooks is a Delaware corporation with its principal place of business in Georgia. *Id.* at ¶ 1(b). USNR is a Delaware limited liability company with its principal place of business in Washington. *Id.* at ¶ 1(c). Wellons is an Oregon corporation with its principal place of business in Washington. *Id.* at 1(d).

## DISCUSSION

Plaintiff assets that the addition of Murphy, an Oregon corporation, defeats complete diversity and requires remand of this case to Multnomah County Circuit Court.

For purposes of diversity jurisdiction under 28 U.S.C. § 1332 and removal under 28 U.S.C. § 1441, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). In this case, the record indicates that Mr. Sheldon was a resident of the U.S. Virgin Islands at time of his passing, rather than Oregon. Eraut Decl. Exs. 1, 2, 4, 5, 8. Plaintiff does not appear to dispute Mr. Sheldon's residency at the time of his death.[1] Plaintiff, who is the personal representative of Mr. Sheldon's Estate, alleges that she is also a resident of the U.S. Virgin Islands. TAC ¶ 2.

Plaintiff contends that because Mr. Sheldon's son Ryan Sheldon is a potential beneficiary of Mr. Sheldon's estate and a resident of Oregon, Plaintiff should also be understood to be a

---

[1] In her Motion to Remand, ECF No. 59, Plaintiff asserted that Mr. Sheldon was a citizen of Oregon, but appears to abandon this claim in her Reply, ECF No. 67, asserting instead that Mr. Sheldon's son is a citizen of Oregon.

resident of Oregon with respect to Plaintiff's claim for wrongful death under ORS 30.020. Ryan Sheldon is not, however, a party to this case, nor is a motion to amend properly before the Court. The only Plaintiff is Mrs. Sheldon, who is a resident of the U.S. Virgin Islands, individually and in her capacity as the personal representative of the Estate of Mr. Sheldon, who was a resident of the U.S. Virgin Islands at the time of his death.

Nor is it clear that Ryan Sheldon could even maintain a wrongful death action in his own right. *See e.g., Graves v. Tulleners*, 205 Or. App. 267, 280 (2006) ("[W]rongful death actions may only be brought by the decedent's personal representative for the benefit of designated beneficiaries[.]." (quoting *Horwell by Penater v. Oregon Episcopal Sch.*, 100 Or. App. 571, 574 (1990)); *Kaady v. City of Sandy*, No. CV 06-1269-PK, 2008 WL 5111101, at *10 (D. Or. Nov. 26, 2008) ("Under Oregon's wrongful death statute [ORS 30.020], when an unlawful act leads to the death of a person, only the personal representative of the estate can bring an action for wrongful death."). The addition of Murphy does, therefore, not destroy complete diversity among the parties.

## CONCLUSION

Defendant Cleaver-Brooks, Inc.'s Motion for Leave to File Sur-Reply, ECF No. 69, is GRANTED. Plaintiff's Motion to Remand, ECF No. 59, is DENIED.

It is so ORDERED and DATED this 23rd day of March 2021.

                                                      s/Michael J. McShane
                                                  MICHAEL McSHANE
                                                  United States District Judge